FILED

SEP 29 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE S. CHEUNG, ) | No. C 10-01202 JW (PR) |
| Petitioner, ) | ORDER OF DISMISSAL |
| vs. ) | |
| RANDY TEWS, Warden, ) | |
| Respondent. ) | |

Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution at Dublin, California ("FCI-Dublin"), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner claims that the Federal Board of Prisons ("BOP") has failed to comply with Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), by refusing to grant her a discretionary transfer to a Pre-Release Center in Honolulu, Hawaii. Doc. #1 at 1-2. Petitioner claims that the BOP has failed to designate her appropriately in accordance with the five factors set forth in 18 U.S.C. § 3621(b). Id. at 2. For the reasons set forth below, petitioner's habeas petition is DISMISSED for lack of jurisdiction.

# BACKGROUND

In September 2009, petitioner was convicted of possession with intent to distribute 50 grams or more of methamphetamine. Doc. #5, Attach. 1 ("Orla Decl."), Exh. 1 at 1. In December 2009, the Federal Board of Prisons ("BOP") evaluated petitioner for classification and designation to determine at which BOP facility she should serve her sentence. Orla Decl. at ¶ 5. At her sentencing, the court recommended that petitioner serve her sentence at the prison facility at Dublin, California. The court also recommended that petitioner complete educational and vocational training, a mental health treatment program, and the 500 Hour Comprehensive Drug Treatment Program, also known as the Residential Drug Abuse Program ("RDAP"). Orla Decl., Exh. 1 at 2.

The BOP considered all of the statutory factors at 18 U.S.C. § 3621(b), information from the court and the U.S. Marshals, and the policies and procedures set forth in the Inmate Security Designation and Custody Classification, Program Statement 5100.08, which are consistent with Section 3621(b). Orla Decl. at ¶¶ 4, 7. After considering all the information, the BOP designated petitioner to the female minimum security prison camp Dublin ("SCP Dublin"), which is part of FCI-Dublin. Id. at ¶ 7.

RDAPs are only available at BOP facilities. Id. at ¶ 7. RDAP is available at SCP Dublin. Doc. #1 at 5. Petitioner is on the wait list for a drug education program, meaning she will be interviewed for the RDAP. Orla Decl. at ¶ 11. Pending admission into an RDAP, petitioner has access to various programs at SCP Dublin, including non-residential drug treatment programs, psychology services, and education and vocational programs at SCP Dublin. Id. Contract facilities, such as Residential Re-entry Centers or Pre-Release Centers, do not have RDAPs, educational programs, or vocational programs. Id. at ¶¶ 7, 11.

As of July 2010, petitioner had not requested transfer from SCP Dublin to an RRC or to Honolulu at her twice-yearly progress review, nor had she filed any

Order of Dismissal

administrative remedies seeking transfer. Id. at ¶¶ 10, 13.

As of July 2010, petitioner's release date was May 15, 2017.

Randy Tews, the current warden at FCI-Dublin, has been substituted in as the respondent in place of the former warden, Paul Copenhaver. See Fed. R. Civ. P. 25(d).

## DISCUSSION

### A. Standard of Review

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). The court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Applicable Law

The BOP has the authority, under 18 U.S.C. § 3621(b), to designate the location of an inmate's imprisonment. Rodriguez, 541 F.3d at 1182. Federal courts lack jurisdiction to review "any determination, decision, or order" made pursuant to 18 U.S.C. § 3621. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("The plain language of [18 U.S.C. § 3625] specifies that the judicial review provisions of the [Administrative Procedure Act], 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624."). But federal judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. Id. But see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)

Order of Dismissal

3

(concluding that discretionary determinations regarding conditions of confinement do not create due process rights).

C. Petitioner's Claims

Petitioner argues that the BOP failed to place her appropriately in accordance with the five criteria set forth in 18 U.S.C. § 3621(b), pursuant to Rodriguez, 541 F.3d 1180. Doc. #1 at 1-2. Petitioner does not allege that the BOP's action in assigning her to SCP Dublin was contrary to established federal law, violated the United States Constitution, or exceeded its statutory authority. Instead, she argues that proper consideration of the statutory criteria set forth in Section 3621(b) requires the BOP to redesignate her to an RRC in Honolulu, Hawaii. Id.

Petitioner was evaluated for classification and designation by the BOP in December 2009. In assigning Petitioner to SCP Dublin, the BOP considered "all of the statutory factors at 18 U.S.C. § 3621(b)", and the other information required by the BOP's classification, designation and redesignation procedures, which are consistent with the statutory authority contained in Section 3621(b). Orla Decl. at ¶ 4. Pursuant to 18 U.S.C. § 3625, this Court lacks jurisdiction to review the BOP placement decisions made pursuant to 18 U.S.C. § 3621(b). Reeb, 636 F.2d at 1226. Therefore, Petitioner's habeas petition is DISMISSED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, this action is DISMISSED for lack of jurisdiction.

The Clerk shall terminate any pending motions and close the file.

DATED: 9/28/1

EDWARD J. DAVILA
United States District Judge

G:\PRO-SE\SJ.EJD\HC.10\Cheung01202_dism-reeb.wpd

Order of Dismissal

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SUZANNE S CHEUNG,

        Plaintiff,

v.

PAUL COPENHAVEN et al,

        Defendant.

Case Number: CV10-01202 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Suzanne S. Cheung #98172-022
FEDERAL DETENTION CENTER-CAMP PARKS
5675 8th Street
Dublin, CA 94568

Dated: September 29, 2011

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk